JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2001-RGK (FMOx) | Date | June 5, 2008 |
|---|---|---|---|
| Title | MHS-ROSSMORE, LLC v. LOPEZ | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   **(IN CHAMBERS)** Plaintiff's Motion to Remand (DE 16)

## I.    FACTUAL BACKGROUND

Plaintiff MHS-Rossmore, LLC ("Plaintiff") filed an unlawful detainer action against Defendant Gilberto Lopez ("Defendant") in state court on March 20, 2008. Defendant is a participant in the Section 8 Housing Assistance Payments Program, a federal rent subsidy program. Plaintiff, owner of the apartment leased by Defendant, seeks past-due rent of $975, termination of the Section 8 lease agreement, and damages for the fair rental value of the apartment during the time of Defendant's possession.

On March 28, 2008, Defendant removed the action to federal court on the ground that Plaintiff's cause of action arises under federal law. Presently before the Court is Plaintiff's Motion to Remand and Request for Attorney's Fees. For the reasons set forth below, the Court grants Plaintiff's Motion to Remand and denies Plaintiff's Request for Attorney's Fees.

## II.    JUDICIAL STANDARD

Pursuant to 28 U.S.C. § 1441, a defendant may remove a case from state court when the federal court could have exercised original jurisdiction. The Ninth Circuit has held that federal courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Defendant must overcome a "strong presumption" against removal by demonstrating "by a preponderance of evidence" that federal jurisdiction is proper. *Id.* at 567.

Removal jurisdiction based on a federal question exists only where "a well-pleaded complaint establishes either that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983). Thus the existence of federal question jurisdiction must be determined from the complaint and cannot be created by a defendant's assertion of

counterclaims or affirmative defenses. *Id.* at 10.

Furthermore, that a federal statute is referred to in a plaintiff's complaint is not sufficient on its own to create federal question jurisdiction, as the actual cause of action may sound in state law. *See Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343-44 (9th Cir. 1996).

### III.   DISCUSSION

#### A.   Defendant Has Not Met Its Burden of Proving that Removal Is Proper

In order to properly remove this case pursuant to 28 U.S.C. § 1441(b), Defendant must prove that original federal question jurisdiction exists because Plaintiff's claim arises under federal law. As stated above, a cause of action arises under federal law where "a well-pleaded complaint establishes either that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983). Plaintiff's unlawful detainer action is not created by federal law, nor is there any evidence that it depends on interpretation or resolution of any substantial question of federal law.

##### *1.   Plaintiff's Complaint Does Not Establish a Cause of Action Which Arises Under Federal Law*

The Ninth Circuit has stated that the fact that federal law plays some role in a cause of action is not sufficient to transform a state claim into a federal claim. *See Hunter v. United Van Lines*, 746 F.2d 635, 646 (9th. Cir. 1984). Moreover, the mere reference of federal statute in Plaintiff's complaint is also insufficient to establish federal jurisdiction. *See Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343-44 (9th Cir. 1996).

Plaintiff's unlawful detainer complaint refers to a "Section 8 agreement." However, the allegations indicate only that the rental agreement between the parties is based on Section 8 of the U.S. Housing Act ("Section 8"), and that Defendant receives benefits under Section 8. Plaintiff's claim presents no substantial question requiring interpretation of these provisions. Therefore, the relevance of this federal statute to Plaintiff's claim is insufficient to convert its action for unlawful detainer, generally a state court cause of action, into one arising under federal law.

##### *2.   State Law Governs the Termination of a Section 8 Lease Agreement*

Section 8 does not expressly or impliedly preempt state or local laws. Rather, the statute and HUD regulations indicate that state law was intended to apply to Section 8 eviction proceedings. 42 U.S.C. § 1437(f)(d)(1)(B)(iii). Moreover, the HUD regulations regarding termination of a Section 8 lease agreement provide that eviction notice is given by "a notice to vacate, or a complaint or other initial pleading used under State or local law to commence an eviction action." 24 C.F.R. § 982.310(e).

The Federal District Court for the Northern District of California has explicitly interpreted this statutory language to mean that "termination proceedings under Section 8's existing housing program are left by Congress and HUD to state law." Thus California's unlawful detainer provisions should be applied, and "the landlord can institute unlawful detainer proceedings in state court." *Gallman v. Pierce*, 639 F. Supp 472, 478 (N.D. Cal. 1986); *see also Traverso v. Clear Channel Outdoor, Inc.*, No. C07-03629, 2007 U.S. Dist. LEXIS 81617, at *6 (N.D. Cal. Oct. 26, 2007).

Accordingly, Plaintiff's unlawful detainer action properly belongs in state court and should be remanded for lack of subject matter jurisdiction.

  **B.** **<u>Plaintiff Is Not Entitled to Attorney's Fees</u>**

 A court may order payment of just costs and expenses, including attorney's fees, incurred as a result of removal "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In applying *Martin*, the Ninth Circuit has noted that "removal is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Martin*, 546 U.S. at 140; *see also Assocs. Nat'l Bank v. Erum*, 206 F. App'x 666, 668 (9th Cir. 2006).

 Defendant's basis for seeking removal was not unreasonable, nor does the record suggest an improper purpose. Therefore, the Court denies Plaintiff's Request for Attorney's Fees.

**IV.** **<u>CONCLUSION</u>**

 In light of the foregoing, Plaintiff's Motion to Remand is **granted**. Plaintiff's Request for Attorney's Fees is **denied**.

  **IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |